WASHBURN v. RAINIER et al.

(Supreme Court, Appellate Division, Second Department.   March 20, 1914.)

Costs (§ 244*)—Reversal—Taxation.

An order of the Appellate Division that the judgment appealed from should be reversed, with costs to abide the event, when read with a subsequent order resetting the costs, applied only to the costs and disbursements which had accrued between the date of the original order of re-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

versal and the resettlement thereof, which were the taxable costs in the Court of Appeals before argument and proper disbursements in connection therewith.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 940–946; Dec. Dig. § 244.*]

Appeal from Special Term, Nassau County.

Action by Henry J. Washburn against John T. Rainier and others. From a Special Term order as resettled, denying the motion of defendants John T. Rainier and Paul N. Lineberger for a readjustment of costs, they appeal. Reversed, appeal from taxation of costs sustained, and motion to strike out the costs as taxed, except those in Court of Appeals before argument, and disbursements for printing the case in the Court of Appeals, and printing the points, granted.

See, also, 144 N. Y. Supp. 1149.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

T. G. Durkan, of New York City, for appellants.
Jesse Fuller, Jr., of Brooklyn, for respondent.

PER CURIAM. When the provision of the original order of this court of March 15, 1912, to the effect that the judgment appealed from be reversed, "with costs of the action to abide the event," is read in connection with the order of this court of December 12, 1913, resettling the same, it seems to us perfectly clear that upon such resettlement it was the purpose of this court to permit plaintiff, if he desired, to retrace the steps which he had taken upon the strength of the form of the order as originally entered, and to compensate him for any expense that he had incurred by reason thereof. Bearing this in mind, it is equally clear that the only costs and disbursements that were to be paid were those which had accrued in the interval between the date of the original order of reversal and the resettlement thereof. These were taxable costs in the Court of Appeals before argument, and such disbursements in connection with such appeal as would be properly taxable, and which had been made up to that time.

The order appealed from should be reversed, with $10 costs and disbursements, the appeal from the taxation of costs sustained, and the motion granted to strike out all of the costs as taxed, except costs in the Court of Appeals before argument, and disbursements for printing the case in the Court of Appeals and printing the points.